IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JUAN PASILLAS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-981-O |
| | § | (NO. 4:16-CR-122-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Came on for consideration the motion of Juan Pasillas, movant, under 28 U.S.C. § 2255 to

vacate, set aside, or correct sentence. The Court, having considered the motion, the government's

response, the reply, the record, including the record in the underlying criminal case, No. 4:16-CR-

122-O, styled "United States v. Valentin Velazquez, et al.," and applicable authorities, finds that

the motion should be denied.

## I.  BACKGROUND

The record in the underlying criminal case reflects the following:

On June 15, 2016, movant was named in a one-count superseding indictment charging him

with conspiracy to possess with intent to distribute more than 50 grams of a mixture and substance

containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1]

152. On August 10, 2016, he was named along with others in a third superseding indictment

charging him with conspiracy to possess with intent to distribute more than 500 grams of a mixture

and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-122-O.

§ 846. CR Doc. 267. Movant entered a plea of not guilty. CR Doc. 290. Movant was tried by a jury and convicted. CR Doc. 350.

The probation officer prepared a presentence report ("PSR") that reflected that movant's base offense level was 36 as he was responsible for at least 1.5 kilograms but less than 4.5 kilograms of methamphetamine actual. CR Doc. 528, ¶ 44. He received three two-level adjustments for threat of violence, importation, and recklessly creating a substantial risk of death or serious bodily injury. *Id.* ¶¶ 45, 46, 49. Based on a total offense level of 42 and a criminal history category of IV, movant's guideline imprisonment range was 360 months to life. *Id.* ¶ 98. Movant filed objections, CR Doc. 584, and the probation officer prepared an addendum to the PSR. CR Doc. 606.

Movant was sentenced to a term of imprisonment of 360 months. CR Doc. 631. He appealed, CR Doc. 628, and his conviction and sentence were affirmed. *United States v. Pasillas*, 713 F. App'x 311 (5th Cir. 2018). His petition for writ of certiorari was denied. *Pasillas v. United States*, 138 S. Ct. 2667 (2018).

## II.  GROUNDS OF THE MOTION

Movant asserts five grounds in support of his motion, worded as follows:

ISSUE I: Attorney Gary Smart Failed to Subpoena and Interview Witness Christopher Lee, who would have provided rebuttal testimony, causing Ineffective Assistance of Counsel.

Doc.[2] 1 at PageID[3] 17.

ISSUE II: Pasillas alleges his appellate counsel was ineffective for failing to assert prosecutorial misconduct and trial court error.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the document submitted by movant is not consecutively paginated.

*Id.* at PageID 19.

> ISSUE III: The Sentencing Court Erred In Finding That Petitioner Was
> Responsible For 500 grams or more of Methamphetamine In Calculating Movant
> [sic] Offense Level Under U.S.S.G. § 2D1.1.

*Id.* at PageID 25.

> ISSUE IV: Failure to Request A Theory-Of-Defense Jury Instruction

*Id.* at PageID 27.

> ISSUE V: Whether, After Reflecting On The Evidence Presented To The Jury
> The District Court Should Have Granted Pasilla A New Trial On The Ground
> That It's [sic] Adverse Conditional Ruling Affected His Substantial Rights.

*Id.* at PageID 28.

## III.  APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to

presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152,

164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can

challenge his conviction or sentence after it is presumed final on issues of constitutional or

jurisdictional magnitude only, and may not raise an issue for the first time on collateral review

without showing both "cause" for his procedural default and "actual prejudice" resulting from the

errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for

transgressions of constitutional rights and other narrow injuries that could not have been raised on

direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v.*

*Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus

will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In his first ground, movant asserts that he received ineffective assistance of counsel because his attorney failed to subpoena Christopher Lee ("Lee") to testify. Doc. 1 at PageID 17. Lee, a co-conspirator, was driving a vehicle occupied by movant when officers initiated a traffic stop. Movant directed Lee to flee or he was going to kill him. Movant threw 314 grams of methamphetamine from the vehicle and told Lee he was going to jump out, but that Lee should keep driving. Lee eventually crashed the vehicle and fled on foot. Another 117 grams of methamphetamine was recovered from the vehicle. Lee was fearful because he believed movant was a member of the cartel and that movant would harm Lee if he did not comply. CR Doc. 528, ¶¶ 28–33; CR Doc. 588.

Claims of uncalled witnesses are highly disfavored. *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010). To prevail on such a claim, a defendant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable. *Id.* The defendant must submit competent evidence, such as affidavits, to show that the uncalled witness was available and that his testimony would have been truly exculpatory. *Id.* at 353. A bald conclusory assertion that a witness should have been called does not serve to overcome the presumption that counsel's actions were reasonable. *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001). Movant does not meet the test, much less attempt to do so.

Movant also addresses the confrontation clause under this ground of his motion. Doc. 1 at PageID 18–19. The confrontation clause of the Sixth Amendment guarantees a defendant the right to be confronted with witnesses against him. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305,

5

313 (2009). However, movant has not shown that any statements of Lee were introduced at trial.

His conclusory allegations are insufficient to raise a ground for relief. *United States v. Pineda*, 988

F.2d 22, 23 (5th Cir. 1993).

In his second ground, movant alleges that his appellate counsel was ineffective for failing

to assert prosecutorial misconduct and trial court error. Here, movant contends that the prosecutor

knowingly presented false testimony at trial. Doc. 1 at PageID 19–25. Movant recites the very high

burden that he must meet, but then fails to meet the burden. *See, e.g., id.* at PageID 20. Movant

contends that Officer Smith testified falsely that movant threw the drugs from the vehicle. Officer

Smith admitted that a police report shown to him on cross-examination reflected that Lee had

thrown the drugs from the vehicle. Doc. 685 at 196–97. However, he noted that the report only

reflected information that was known at the time and not evidence from dash cam video and

debriefings of other coconspirators. *Id.* at 199–200. More importantly, movant was not arrested at

the time of the chase and arrest of Lee because officers did not want to alert anyone to their

surveillance of movant. *Id.* at 178, 200–01. The reason for the stop in the first place was that

officers had intercepted a telephone call that led them to believe that movant was in possession of

16 ounces of methamphetamine. *Id.* at 177–78. A further call indicated that movant was going to

see if he could retrieve the drugs that had been thrown from the vehicle. *Id.* at 178–79. Movant

does not point to any evidence to support his contention that the "government . . . coached Officer

Smith to change his original version of [movant's] involvement in this case." Doc. 1 at PageID

23.[4] Conflict with other evidence or testimony is not enough in any event. *Kutzner v.* Cockrell, 303

F.3d 333, 337 (5th Cir. 2002). Nor is there any evidence to support his allegation of prosecutorial

---

[4] As noted, the record reflects that Lee told officers movant had thrown the drugs from the vehicle. CR Doc. 588 at PageID 2021.

vindictiveness. Doc. 1 at PageID 23. As the Fifth Circuit determined, movant's conviction was supported by the evidence. *Pasillas*, 713 F. App'x at 311–12.

Movant's third ground challenges the Court's calculation of movant's advisory guideline range. Doc. 1 at PageID 25–26. He does not explain what is wrong with the calculation made by the probation officer. The argument appears to rely on part of a heavily redacted statement contained in a report of investigation attached at PageID 44. Movant's conclusory allegations are insufficient to state a claim. But, in any event, misapplication of the sentencing guidelines is not cognizable under § 2255. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

In his fourth ground, movant argues that his counsel was ineffective for failing to request a "theory-of-defense" jury instruction. Doc. 1 at PageID 27. Like the third, this ground is wholly conclusory. In any event, movant is not entitled to a judicial narrative of his version of the facts. *United States v. Barham*, 595 F.2d 231, 244 (5th Cir. 1979). The Fifth Circuit has repeatedly rejected requested instructions that are more in the nature of a jury argument than a charge where the instructions given adequately cover the theory of defense. *United States v.* Thompson, 761 F. App'x 283, 292 (5th Cir. 2019)(citing cases). Movant's counsel cannot have been ineffective for failing to request such an instruction. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

In his final ground, movant alleges that the Court should have granted him a new trial because certain evidence—particularly, wiretap evidence— should not have been admitted at trial. Doc. 1 at PageID 28–29. He cites to Rule 401 of the Federal Rules of Evidence, but the argument makes no sense. Of course the wiretap evidence was prejudicial: it showed movant dealing drugs! *See United States v.* Curtis, 635 F.3d 704, 716–17 (5th Cir. 2011). Movant did not raise this ground on appeal (probably because it is frivolous) and cannot raise it here. *Shaid*, 937 F.2d at 232.

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of

appealability is **DENIED**.

**SO ORDERED** on this 31st day of December, 2020.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

8